UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PASHKA CAMAJ,

                **Plaintiff,**             **CIVIL ACTION NO. 15-cv-10922**

          **v.**                   **DISTRICT JUDGE SEAN F. COX**

**U.S. BANK, N.A. and**           **MAGISTRATE JUDGE MONA K. MAJZOUB**
**FEDERAL HOME LOAN**
**MORTGAGE CORPORATION,**

                **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Pashka Camaj commenced this action against Defendants U.S. Bank, N.A. and Federal Home Loan Mortgage Corporation on March 12, 2015.  (Docket no. 1.)  In her Complaint, Plaintiff challenges foreclosure proceedings related to real property located at 47155 Creekview Drive in Shelby Township, Michigan.  (*See id*.)  Before the Court is Defendants' Motion to Dismiss.  (Docket no. 16.)  Plaintiff responded to Defendants' Motion (docket no. 19), and Defendants replied to Plaintiff's Response (docket no. 20).  The Motion has been referred to the undersigned for consideration. (Docket no. 17.)  The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

## I.      RECOMMENDATION

For the reasons that follow, it is recommended that Defendants' Motion to Dismiss (docket no. 16) be **GRANTED**.

II.     **REPORT**

A.     **Facts and Procedural History**

On July 26, 2005, Plaintiff's husband, Frank Camaj, borrowed the sum of two hundred seventy-two thousand dollars ($272,000.00) from Classic Home Mortgage Incorporated, and, as security for the loan, both Plaintiff's husband and Plaintiff granted Classic Home Mortgage, Inc. a mortgage interest in real property located at 47155 Creekview Drive in Shelby Township, Michigan. (Docket nos. 16-5 and 1-1.) That same day, Classic Home Mortgage, Inc. assigned the mortgage to U.S. Bank, N.A.; this assignment was recorded on March 22, 2006. (Docket no. 1-2.)

On October 6, 2011, Plaintiff and her husband filed a voluntary bankruptcy petition under Chapter 7 of the United States Bankruptcy Code.[1] (*In re Camaj*, No. 11-66227, ECF no. 1; docket no. 16-3.) They were subsequently granted a discharge of their personal obligations on January 6, 2012, including any obligations under the aforementioned loan. (*In re Camaj*, No. 11-66227, ECF no. 20; docket no. 16-9.) According to Defendants, Plaintiff's husband passed away in December 2012. (Docket no. 16 at 11.) Then, in an April 24, 2013 letter, Defendant U.S. Bank notified Plaintiff of a default and breach of the mortgage due to a lack of payment. (Docket no. 16-10.) Plaintiff did not cure the default, and on December 2, 2013, Defendant U.S. Bank moved for relief from the automatic stay so that it could foreclose on the subject property. (*In re Camaj*, No. 11-66227, ECF no. 28; docket no. 16-11.) The bankruptcy court granted Defendant's Motion on December 20, 2013. (*In re Camaj*, No. 11-66227, ECF no. 30; docket no. 16-12.)

---

[1] The Court takes judicial notice of the proceedings in *In re Camaj*, case no. 11-66227 in the United States Bankruptcy Court for the Eastern District of Michigan. ("[I]t is well-settled that federal courts may take judicial notice of proceedings in other courts of record." *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999) (citations and internal quotation marks omitted).)

Foreclosure proceedings were initiated, and a sheriff's sale took place on September 12, 2014, at which Defendant Federal Home Loan Mortgage Corporation purchased the property. (Docket no. 16-16.)   Before the redemption period expired, on February 11, 2015, the bankruptcy trustee moved for an order approving the sale of the subject property at market value, an amount much higher than the redemption amount, with the intention of paying the redemption amount to the foreclosure buyer and using the proceeds to pay Plaintiff's creditors.   (*In re Camaj*, No. 11-66227, ECF no. 63; docket no. 16-20.)   Plaintiff filed an objection to the proposed sale of the property, asserting that the bankruptcy estate did not own the property and stating that she would file an adversarial proceeding challenging the sheriff's sale on the basis that U.S. Bank sold the property in violation of the Real Estate Settlement Procedures Act (RESPA), 12 C.F.R. § 1024.41(h) and 12 U.S.C. § 2605(f).   (*In re Camaj*, No. 11-66227, ECF no. 68; docket no. 16-21.)   The bankruptcy court overruled Plaintiff's objections because (1) standing to bring such a claim lied with the bankruptcy trustee; and (2) the injunctive relief Plaintiff planned to seek in the adversarial proceeding was unavailable under RESPA.   (*In re Camaj*, No. 11-66227, ECF no. 72; docket no. 16-22.)   The bankruptcy court then approved the sale of the property, and the property was sold on March 12, 2015.   (*In re Camaj*, No. 11-66227, ECF nos. 74 and 79; docket nos. 16-23 and 16-24.)   Plaintiff filed the instant complaint on the same day of the sale.  (Docket no. 1.)

### B.    Governing Law

Defendants move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12.  (Docket no. 16.)   A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction by attacking the claim on its face, in which case all factual allegations of the plaintiff must be considered as true, or by attacking the

3

factual basis for jurisdiction. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). If the factual basis for jurisdiction is challenged, the court must weigh the evidence, and the plaintiff bears the burden of proving jurisdiction. *Id.*

When deciding a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The plaintiff must provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed.R.Civ.P. 8(a)(2)). But this statement "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action;" instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This "facial plausibility" is required to "unlock the doors of discovery." *Id.* To make this determination, the *Iqbal* Court set out the following two-step analysis:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and

exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

### C.    Analysis

Plaintiff sets forth five causes of action in her Complaint:  (1) "Violation of RESPA, 12 USC § 2605(f) and (k) as to U.S. Bank;" (2) "Violation of 15 USC 1641(f)(1) as to USB;" (3) "Violation of the Truth in Lending Act, 15 USC § 1641(g)(1) as to Freddie Mac;" (4) "Wrongful Foreclosure Pursuant to MCL § 600.3204(3);" and (5) "Quiet Title Pursuant to MCL § 600.2932." [2]  (Docket no. 1 ¶¶ 15-45.)  Defendants contend that Plaintiff's Complaint should be dismissed because Plaintiff lacks standing to bring these claims, Plaintiff's claims are barred by the statute of limitations, and Plaintiff's claims otherwise fail to state a claim upon which relief can be granted.  (*See* docket no. 16.)  "Standing is a jurisdictional matter and is a threshold question to be resolved by the court before the court may address any substantive issues." *Dungan v. Chase Home Fin. LLC*, No. 10-14549, 2011 WL 3359696, at *3 (E.D. Mich. Aug. 4, 2011) (citing *Planned Parenthood Ass'n v. City of Cincinnati,* 822 F.2d 1390, 1394 (6th Cir. 1987)).  Accordingly, the Court will first address Defendants' standing argument.

Defendants assert that, as the bankruptcy court has already determined, Plaintiff lacks standing to bring the aforementioned claims because they belong to the bankruptcy estate. (Docket no. 16 at 15-16.)  The bankruptcy estate is comprised of, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case" as well as "[a]ny interest in property that the estate acquires after the commencement of the case."  11 U.S.C. § 541(a).  "[I]t is well established that the 'interests of the debtor in property' include

---

[2] Plaintiff explicitly abandoned her wrongful foreclosure and quiet title claims in her Response to Defendants' Motion to Dismiss.  (Docket no. 19 at 8.)

'causes of action.'" *Bauer v. Commerce Union Bank, Clarksville, Tenn.,* 859 F.2d 438, 441 (6th Cir. 1988) (citations omitted). Plaintiff and her husband filed for bankruptcy on October 6, 2011. Hence, any interest that Plaintiff had in the subject property or in causes of action related to the subject property that had accrued as of the petition date became property of the bankruptcy estate upon the filing of the bankruptcy petition. Additionally, because foreclosure proceedings related to the subject property did not commence until after it became property of the bankruptcy estate, any causes of action related to those proceedings belong to the bankruptcy estate. According to the Sixth Circuit,

> the trustee in bankruptcy acts as representative of the estate. It is the trustee who has capacity to sue and be sued. It is well settled that the right to pursue causes of action formerly belonging to the debtor—a form of property under the Bankruptcy Code—vests in the trustee for the benefit of the estate. The debtor has no standing to pursue such causes of action.

*Bauer,* 859 F.2d at 441 (internal quotation marks and citations omitted). Thus, unless the trustee abandons the instant claims, Plaintiff has no standing to pursue them alone. *See Auday v. Wet Seal Retail, Inc.,* 698 F.3d 902, 904 (6th Cir. 2012).

In response to Defendants' Motion, Plaintiff makes such an argument – that she has standing because the trustee has abandoned her claims. (Docket no. 19 at 9-10.) Specifically, Plaintiff alleges that in filing a Notification of Intent to File Final Report on August 14, 2015, the trustee indicated his intent to close the estate. Next, she cites 11 U.S.C. § 554(c) for the premise that any property not administered at the closing of the case is abandoned to the debtor. Plaintiff then claims that since the trustee had not yet pursued her claims as of the date of her response brief, August, 17, 2015, the trustee intends to abandon her claims. Plaintiff, however, omitted important language in her citation to 11 U.S.C. § 554(c); in fact, § 554(c) provides that "any property *scheduled under section 521(a)(1) of this title* not otherwise administered at the time of

the closing of a case is abandoned to the debtor." 11 U.S.C. § 554(c) (emphasis added). And as Defendant points out, Plaintiff does not allege that her legal claims were listed as assets in her bankruptcy petition pursuant to section 521(a)(1) (docket no. 20 at 4); rather, Plaintiff admits that "[t]he claims stated in this lawsuit were brought to the Trustee's attention on February 24, 2015," through her objection to the trustee's motion for approval of the sale of the subject property (docket no. 19 at 9-10). Thus, Plaintiff's argument fails in this regard.

Moreover, "abandonment requires the Trustee to give notice to the creditors and, if any object, the bankruptcy court must hold a hearing." *Auday*, 698 F.3d at 905 (citing 11 U.S.C. § 554(a); Fed. R. Bankr.P. 6007(a)). The case of *In re Camaj* was officially closed on December 28, 2015, and there is no evidence that the trustee actually abandoned the Plaintiff's purported legal claims in the manner described above. "Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate." 11 U.S.C. § 554(d). Accordingly, Plaintiff lacks standing to pursue the instant claims, and dismissal of her Complaint is warranted.[3]

### D. Conclusion

For the above-stated reasons, it is recommended that the Court **GRANT** Defendants' Motion to Dismiss (docket no. 16).

## III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v.*

---

[3] Because Plaintiff's lack of standing is dispositive, the Court declines to address the merits of Plaintiff's claims. *See Brooks v. Cent. Irrigation Supply, Inc.*, No. 10-cv-13717, 2012 WL 6579582, at *3 (E.D. Mich. Dec. 17, 2012).

2:15-cv-10922-SFC-MKM   Doc # 21   Filed 01/19/16   Pg 8 of 8   Pg ID 403

*Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: January 19, 2016               s/ Mona K. Majzoub
                                      MONA K. MAJZOUB
                                      UNITED STATES MAGISTRATE JUDGE



**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: January 19, 2016               s/ Lisa C. Bartlett
                                      Case Manager