UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Pashka Camaj,

    Plaintiff,

v.                                           Case No.  15-10922
                                            Honorable Sean F. Cox
                                            Magistrate Judge Mona K. Majzoub

U.S. Bank, N.A. et al.,

    Defendants.

_____/

## ORDER ACCEPTING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Pashka Camaj ("Plaintiff") filed this action against Defendants U.S. Bank N.A. and Federal Home Loan Mortgage Corporation ("Defendants") alleging, *inter alia*, violations of the Real Estate Settlement Procedures Act and the Truth in Lending Act.  (Doc. #1).  Plaintiff's allegations stem from foreclosure proceedings related to a sheriff's sale of real property.

Defendants filed their Motion to Dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) on July 17, 2015.  (Doc. #16).  On July 21, 2015, this Court referred Defendant's motion to Magistrate Judge Mona K. Majzoub for Report & Recommendation ("R&R") pursuant to 28 U.S.C. 636(b)(1)(B).  (Doc. #17).  The motion has been fully briefed by the parties.

On January 19, 2016, Magistrate Judge Majzoub issued her R&R (Doc. #21), wherein she recommended that this Court GRANT Defendant's motion.  Plaintiff timely filed objections to the R&R on February 2, 2016.  (Doc. #22, Pl.'s Objs.).  Defendant timely responded to

1

Plaintiff's objections. (Doc. #23, Def.'s Resp.).

The Court finds Plaintiff's objections to be without merit. Therefore, the Court shall **ADOPT** the R&R and **GRANT** Defendant's Motion to Dismiss.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. Fed. R. Civ. P. 72(b)(2). Objections must "(A) specify the part of the order, proposed findings, recommendations, or report to which a person objects; and (B) state the basis for the objection." E.D. Mich. LR 72.1(d). Objections are not "a second opportunity to present the argument already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004). Moreover, the district court should not consider arguments that have not first been presented to the magistrate judge. *See Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 785 (E.D.N.C. 2011).

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

In their Motion to Dismiss, Defendants argued, among other things, that Plaintiff lacked standing to bring suit. Defendants specifically contend that the claims Plaintiff attempted to bring belonged to the bankruptcy estate because the claims have not been abandoned by

bankruptcy Trustee.

Plaintiff countered by arguing that the trustee abandoned her claims and therefore, she has standing.

The Magistrate Judge determined that "Plaintiff lacks standing to pursue the instant claims" because the trustee had not abandoned her claims. (R&R at 6-7).

Plaintiff has lodged two objections to the January 19, 2016 R&R. Plaintiff appears to have abandoned the arguments advanced before Magistrate Judge Majzoub and now argues that the Trustee was not required to abandon Plaintiff's claims at all.

**Objection #1**

First, Plaintiff argues that her "unscheduled claims were not required to be abandoned pursuant to 11 U.S.C. § 554(a) because 11 U.S.C. § 554(a) only applies to claims that accrued before the petition was filed." (Pl.'s Objs. at 2) (citing *Young v. Indep. Bank.*, 294 Mich. App. 141(2011)). Thus, Plaintiff contends that because each of her claims "clearly accrued well after the petition was already filed," the Trustee was not required to abandon them pursuant to 11 U.S.C. § 554(a). (Pl.'s Objs. at 2). The Court finds that Plaintiff's objection is without merit.

As an initial matter, Plaintiff's reliance on *Young* is misplaced, as its facts are distinguishable.[1] The Court notes that *Young* does not necessarily stand for the proposition

---

[1] *Young* is distinguishable in that the debtor there was involved in disputes with a bank regarding the foreclosure of her property *at the time* she filed for bankruptcy. *Young*, 294 Mich. App. at 146. Rather than list this potential cause of action on her schedule of assets, the debtor brought suit after receiving a discharge in bankruptcy. The court determined that the lawsuit at issue was "an asset of the bankruptcy estate because [the debtor] knew of this dispute with the bank at the time she filed for bankruptcy even though no suit had been filed." *Id.* at 147. Here, the issue differs in that no such dispute existed until after the bankruptcy filing. Additionally, Plaintiff has not made an effort to apprise the Court of *Young's* applicability to the facts here.

asserted by Plaintiff. Moreover, Plaintiff's argument appears to misconstrue the Magistrate Judge's analysis as to the challenged issues. Plaintiff attempts to substantiate her claim by pointing to a portion of the R&R, wherein Magistrate Judge Majzoub notes that, "'any interest that Plaintiff had in subject property or in causes of action related to the subject property **that had accrued as of the petition date became property of the bankruptcy estate**.'" (Pl.'s Objs. at 2) (quoting R&R at 6). From this, Plaintiff argues that since her causes of action did not accrue "as of the petition date," they are not property of the estate. (Pl.'s Objs. at 2). However, Plaintiff conveniently takes this statement out of context, thereby misconstruing it. The Magistrate Judge does not claim that Plaintiff's causes of action accrued as of the petition date. In fact, the Magistrate Judge acknowledges the fact that foreclosure proceedings took place after the filing for bankruptcy. (R&R at 6). Magistrate Judge Majzoub explained that:

> [t]he bankruptcy estate is comprised of, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case" as well as "[a]ny interest in property that the estate acquires after the commencement of the case." 11 U.S.C. § 541(a). "[I]t is well established that the 'interests of the debtor in property' include 'causes of action.'" *Bauer v. Commerce Union Bank*, Clarksville, Tenn., 859 F.2d 438, 441 (6th Cir. 1988) (citations omitted). Plaintiff and her husband filed for bankruptcy on October 6, 2011. Hence, **any interest that Plaintiff had in the subject property** or in causes of action related to the subject property that had accrued as of the petition date became property of the bankruptcy estate upon the filing of the bankruptcy petition. Additionally, **because foreclosure proceedings related to the subject property did not commence until after it became property of the bankruptcy estate, any causes of action related to those proceedings belong to the bankruptcy estate**.

(R&R at 6) (emphasis added). As the Magistrate Judge properly noted, Plaintiff's causes of action stem from a sheriff's sale (foreclosure proceedings) of *property belonging to the bankruptcy estate*. Thus, any claim relating to those proceedings cannot belong to Plaintiff as she is no longer the owner of the foreclosed property, and unless these claims have been

abandoned by the Trustee, Plaintiff lacks standing.

Rather than point to a specific deficiency in the Magistrate Judge's reasoning, Plaintiff continues to focus on the fact that her causes of action accrued years after the petition for bankruptcy. The issue with Plaintiff's argument is that it ignores the fact that the foreclosure property at issue here became the property of the bankruptcy estate as of the petition date. Plaintiff essentially disregards the analysis advanced in the R&R and fails identify how Magistrate Judge Majzoub's reasoning is flawed. Thus, Plaintiff has not presented any argument that persuades this Court to reject Magistrate Judge Majzoub's conclusions. Accordingly, Plaintiff's first objection is overruled.

**Objection #2**

Plaintiff next objects on the ground that "her unscheduled claims were not required to be abandoned by the Trustee because the Trustee intended to abandon all property of Plaintiff's bankruptcy estate as indicated in the Trustee's Certificate of Distribution..." (Pl.'s Objs. at 3). Plaintiff's objection is comprised of conclusory statements, unsubstantiated by any relevant authority. Although Plaintiff has made no effort to develop her argument, she raised arguments of a similar vein in front of the Magistrate Judge (Doc. # 19, Pl.'s Br. at 9-10), and Magistrate Judge Majzoub properly rejected them. The Magistrate Judge acknowledged that a Trustee cannot abandon unscheduled claims:

> Plaintiff, however, omitted important language in her citation to 11 U.S.C. § 554(c); in fact, § 554(c) provides that "any property *scheduled under section 521(a)(1) of this title* not otherwise administered at the time of the closing of a case is abandoned to the debtor." 11 U.S.C. § 554(c) (emphasis added). And as Defendant points out, Plaintiff does not allege that her legal claims were listed as assets in her bankruptcy petition pursuant to section 521(a)(1) (docket no. 20 at 4); rather, Plaintiff admits that '[t]he claims stated in this lawsuit were brought to the Trustee's attention on February 24, 2015," through her objection to the

>trustee's motion for approval of the sale of the subject property (docket no. 19 at
>9-10). Thus, Plaintiff's argument fails in this regard.

(R&R at 6-7). Here, Plaintiff does not dispute that her claims are unscheduled. Plaintiff does not cite any authority that supports the argument that an unscheduled claim can be abandoned by the Trustee. Plaintiff's objection makes no reference to the Magistrate Judge's R&R at all. Accordingly, the Court finds that Plaintiff's objection is without merit and agrees with Magistrate Judge Majzoub's conclusions as they relate to the issues here. Thus, Plaintiff's second objection is overruled.

## ORDER

For the reasons set forth above **IT IS ORDERED** that the Court **ACCEPTS AND ADOPTS** the January 19, 2015 R&R. The Court shall **GRANT** Defendant's Motion to Dismiss and this case shall be **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

                            S/Sean F. Cox
                            Sean F. Cox
                            United States District Judge

Dated: March 1, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 1, 2016, by electronic and/or ordinary mail.

                            S/Jennifer McCoy
                            Case Manager